IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA COLUMBIA
DIVISION

| | | |
|---|---|---|
| Kings Grant Owners' Association, Inc., | ) | Civil Action No. 3:17-00289-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Kings Grant Owners' Association, Inc. ("Plaintiff"), complaining of the tortious acts committed by the Department of the Army, hereby files this Tort Claims Act Complaint against the United States of America ("Defendant") and states as follows:

## THE PARTIES

1. Plaintiff is nonprofit corporation organized and existing under the laws of the State of South Carolina.

2. Upon information and belief, the United States is a proper Defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(b)(l).

4. The majority of the acts and omissions which are the subject matter of this

Complaint occurred in the District of South Carolina, in Richland County.

5. The Flood Control Act of 1928, specifically 33 U.S.C. 702c, does not provide the Defendant with immunity for their tortious conduct.

6. On August 22, 2016, Plaintiff submitted an administrative claim to the Department of the Army and the Army Corps of Engineers.

7. On October 27, 2016, the Department of the Army responded, denying this claim.

8. Jurisdiction and venue are proper before this Court.

## FACTUAL ALLEGATIONS

9. Plaintiff is a nonprofit corporation formed for the purpose of managing and maintaining the common areas of King's Grant, a subdivision located in Columbia, South Carolina, which abuts Fort Jackson. The Plaintiff owns the common areas of this property, which includes portions of Wildcat Creek that run through the subdivision.

10. At all times relevant to this Complaint, Semmes Lake and Semmes Lake dam have been a part of the Patriots Park Greenway, which "provides natural areas for Soldiers and Families to spend an hour or a whole day while taking in the scenic beauty that is Fort Jackson."

11. Semmes Lake is also used for fishing and boating, and has played host to fishing tournaments in the past.

12. As the above paragraphs demonstrate, Semmes Lake was formed and exists primarily, if not exclusively, for recreational purposes.

13. As referenced above, Semmes Lake is a lake located in Richland County, South Carolina, which is owned and operated by Fort Jackson. Semmes Lake is one of two sources of water that feed Wildcat Creek (Lower Legion Lake being the other), which runs through the King's Grant Subdivision.

14. Semmes Lake dam was built in 1940, and is considered an earthen dam, constructed of compacted soil.

15. As the owner of the Semmes Lake dam, the Department of the Army had the exclusive responsibility and control over, oversight, inspections, maintenance and repairs.

16. On or around September 10, 2013, the U.S Army Corps of Engineers – Engineer Research and Development Center ("ERDC") performed an inspection of the Semmes Lake dam.

17. During the September 10, 2013 inspection, the ERDC noted numerous deficiencies with the dam in a report, which was then provided to the Department of the Army.

18. The report from September of 2013 further classified Semmes Lake as "an intermediate size significant hazard dam."

19. In his October 15, 2015 email, Shaun Stanton, the Program Manager for the IMCOM ATTIP Dam Inspection ERDC, notes: "ERDC last inspected [the dam] in 2013 and rated the dam a serious hazard which is our second worst rating."

20. Mr. Stanton's email establishes that after performing this inspection of Semmes Lake in September of 2013, the dam was found to be a "serious hazard". This information was communicated to the Department of the Army, who had exclusive control to make repairs.

21. Mr. Stanton's email further notes that the Savannah district "requested the reports for Fort Jackson[,] and Ali has agreed to release the information out to them."

22. Upon information and belief, despite knowledge that the Semmes Lake dam was a "serious hazard" as far back as September of 2013, no repairs were made to the dam from the date of the 2013 inspection through the dam failure that is the subject matter of this complaint.

23. In addition to Semmes Lake, Lower Legion Lake is another lake in Richland

County, South Carolina, located on Fort Jackson, and owned by Fort Jackson, which is part of the Department of the Army.

24. Specifically, Lower Legion Lake is located near the Fort Jackson golf course and Fort Jackson Officer's Club.

25. On or around October 3, 2013, Columbia, South Carolina, experienced heavy rain fall.

26. Prior to the rain that began on October 3, 2015, the South Carolina Department of Health and Environmental Control ("SC DHEC") had advised all dam owners to lower water levels in preparation for the upcoming storm.

27. Despite such warnings, and despite having knowledge of the poor condition of the Semmes Lak dam, the Department of the Army failed to take corrective measures, make repairs, or to lower dam levels of the Semmes Lake dam.

28. Sometime early Sunday morning, October 4, 2015, the Semmes Lake Dam located at Fort Jackson on Wildcat Creek failed releasing a torrent of water down Wildcat Creek which flows though King's Grant.

29. On Sunday morning, October 4, 2015 a dike holding water in the Lower Legion Lake failed.

30. The water released from Lower Legion Lake traveled down into Wildcat Creek, flowing directly through King's Grant.

31. Fort Jackson has admitted that the dam at Semmes Lake and the dike at Lower Legion Lake both failed.

32. Upon information and belief, despite knowledge of the dam failures, Fort Jackson did nothing to warn the Plaintiff of the large amounts of water that was traveling down Wildcat

Creek.

33. As a result of flooding caused by this water, the common areas owned and maintained by Plaintiff were severely damaged. This damage would not have occurred but for the failure of the Semmes Lake dam and Lower Legion Lake dam.

34. As a result of the damage caused by flooding resulting from this water, Plaintiff has incurred repair and remediation expenses in excess of one hundred eighteen thousand dollars ($118,000.00).

## FOR A FIRST CAUSE OF ACTION
### (Negligence and/or Gross Negligence as to the United States of America)

35. Plaintiff realleges the previous paragraphs as if fully restated herein.

36. The United States by and through the Department of the Army and/or the U.S. Army Corps of Engineers owed a duty to Plaintiff, and other property owners downstream of its dams, to properly construct, maintain, monitor, operate and/or otherwise safely manage their dams to ensure the safety of those who may foreseeably fall victim to their potential failure.

37. Upon information and belief, more than two (2) years prior to the failure of Semmes Lake dam, Defendant was aware that the dam was "an intermediate size significant hazard dam."

38. Moreover, the Department of the Army and/or the U.S. Army Corps of Engineers was on actual notice since at least September 10, 2013 that the Semmes Lake dam rated as a "serious hazard which is [their] second to worst rating."

39. In addition, despite this knowledge, neither the Department of the Army nor the U.S. Army Corps of Engineers made these findings available to warn the public of this hazard.

40. Upon information and belief, neither the Department of the Army nor the U.S. Army Corps of Engineers took any action to address the numerous concerns raised by the

September 10, 2013 inspection report.

41.     Defendant breached its duty to the Plaintiffs in the following particulars among others:

    a.     Failing to reasonably and properly inspect the dams;

    b.     Failing to reasonably and timely repair known deficiencies;

    c.     Failing to reasonably and timely act upon reports of deficiencies;

    d.     Failing to adequately maintain the dams;

    e.     Failing to perform routine inspection and maintenance of the dams;

    f.     Failing to have policies and procedures in place for routine maintenance and reasonable repair of the dams;

    g.     If such policies and procedures regarding routine maintenance and repair existed, failing to adhere to those policies and procedures;

    h.     Ignoring reports that provided actual notice of the danger of a dam failure;

    i.     Failing to timely act upon actual notice of the danger of dam failure;

    j.     Affirmatively deciding to allocate funds elsewhere, despite the known threat of harm posed by deficiencies identified in the September 2013 inspection; and

    k.     Such other particulars as may be revealed throughout the course of this litigation.

42.     As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff sustained severe real and/or personal property damage in the early morning hours immediately following the dam failures, which allowed an enormous amount of muddy water to flow through

the King's Grant subdivision.

43. Defendant had actual knowledge of the threat of danger to Plaintiff's property posed by the hazardous condition of the dams, yet failed to take reasonable steps to repair deficiencies despite this actual knowledge.

44. The damage to Plaintiff's property was foreseeable and directly and proximately caused by the failure of these manmade dams and the Department of the Army and/or the Army Corps of Engineers failure to properly maintain their dams in a reasonable manner to ensure the safety of the landowners located downstream.

45. As a result of the breach by the Department of the Army and/or the Army Corps of Engineers, Plaintiff has sustained substantial losses, including but not limited to remediation expenses, cost of repair to real property, loss of personal property, and loss of property value.

46. Due to the property damage sustained by Plaintiff as a direct and proximate result of the negligence and carelessness of the Department of the Army and/or the Army Corps of Engineers, Plaintiff is entitled to receive their actual damages in such an amount as the Court may determine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court order judgment against the United States of America such an amount as the Court may determine proper, for the reasonable costs associated with this action, as well as any other interest and fees to which the Plaintiff and/or counsel for the Plaintiff may otherwise be entitled, and for all other relief in law and equity which this Court deems just and proper.

(*signature page to follow*)

SOWELL GRAY ROBINSON STEPP & LAFFITTE, L.L.C.


By: s/ Benjamin R. Gooding
    Charles H. McDonald
    Fed. I.D. No.: 6741
    cmcdonald@sowellgray.com
    Benjamin R. Gooding
    Fed. I.D. No.: 11897
    bgooding@sowellgray.com
    1310 Gadsden Street
    Post Office Box 11449
    Columbia, South Carolina 29211
    (803) 929-1400 Telephone

***Attorneys for Plaintiff Kings Grant Owners' Association***

Columbia, South Carolina
January 31, 2017